**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

LEONARD N. FEDEE,                 :
                                  :
            Plaintiff,            :          Civil No. 12-3267 (FSH)
                                  :
        v.                        :
                                  :
PAULA T. DOW, et al.,             :          **OPINION**
                                  :
            Defendants.           :

---

**APPEARANCES:**

**LEONARD N. FEDEE,** Plaintiff pro se
26 GARLAND LANE
WILLINGBORO, NJ 08046

**HOCHBERG,** District Judge

    Plaintiff Leonard N. Fedee ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff, incarcerated at the Brooklyn House in Brooklyn, New York at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Paula Dow, Marysol Rosero, Michael Rappa and James Blong.[1]  The following factual allegations are taken from the complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On November 10, 2010, Plaintiff was indicted by a grand jury on charges of second degree theft by deception and third degree "unregistered solicitor" based on Plaintiff having obtained money from six separate individuals and failing to invest said money as agreed.  Defendants Rosero and Rappa are the deputy attorney generals who presented the state's case to the grand jury. Defendant Blong is a sergeant who gave testimony at the grand jury proceeding.  Plaintiff alleges that Defendants Rosero and Rappa presented information and evidence to the grand jury which they knew or should have known to be false.  Specifically, Plaintiff alleges that they presented information indicating that Plaintiff was not a licensed mortgage broker, which they knew to be false. Plaintiff further alleges that Defendants Rosero and Blong exaggerated the amount of evidence they had against Plaintiff,

---

[1] Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1391, however it appears from the context of the complaint that he actually intended to bring his claim pursuant to 42 U.S.C. § 1983.

stating that it was "boxes and boxes," when it actually barely filled two bankers' boxes.  Plaintiff also alleges other inaccuracies presented by Defendants to the grand jury which relate to Plaintiff's specific interactions with the six individuals from whom he allegedly fraudulently took money.

Plaintiff alleges that on November 4, 2011, the indictment was dismissed pursuant to a motion to dismiss, but on December 14, 2011, he was re-indicted only on the theft by deception charge. Plaintiff seeks a declaration that his constitutional rights have been violated; an injunction preventing the Defendants from instituting any causes of action against him "unless it can be positively established that any alleged actions undertaken by [him] were indeed culpable"; and compensatory damages in the amount of $9,000,000.

## II.  DISCUSSION

## A. Legal Standard

## 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

3

from such relief.  See 28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 556 U.S. 677-679.  See also Twombly, 505

4

U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77,

84 (3d Cir. 2011); Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012).

"A complaint must do more than allege the plaintiff's entitlement

to relief.  A complaint has to 'show' such an entitlement with its

facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of

Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983

for certain violations of his constitutional rights.  Section 1983

provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory ...
> subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the Constitution

or laws of the United States and, second, that the alleged

deprivation was committed or caused by a person acting under color

of state law.  See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250,

101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d

Cir. 2011).

**B. Analysis**

Plaintiff seeks damages against prosecutors for providing

false information to the grand jury.  In Imbler v. Pachtman, 424

U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." Id. at 430-31.  Since Imbler, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application[, but] absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (citations omitted).  A prosecutor is immune from suit even if he committed perjury or falsified evidence.  See Green v. United States, 418 F. App'x. 63, 66 (3d Cir. 2011) (citing Imbler).  Because a prosecutor is absolutely immune from damages under § 1983 for presenting evidence to a grand jury, the damage claims against the prosecutors who obtained an indictment against Plaintiff will be dismissed for failure to state a claim.[2]

---

[2] To the extent that Plaintiff seeks damages from supervisory prosecutors for failing to adequately supervise, as appears to be the case for Defendant Dow, that claim fails.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior [and] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S.Ct. at 1948.  Moreover, in Van de

Plaintiff also seeks damages against Sergeant Blong for his false testimony before the grand jury.  This claim fails because a witness is absolutely immune from suit for testifying falsely.  See Rehberg v. Paulk, 132 S.Ct. 1947 (2012) (witness before grand jury, like trial witness, enjoys absolute immunity); Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n. 16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

To the extent Plaintiff intended to allege a malicious prosecution claim, this claim will also be dismissed.  A prosecutor is absolutely immune for actions performed in the role of advocate. See Imbler, 424 U.S. at 431.  A claim of malicious prosecution against an officer for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents."  Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998).  "To prove

---

Kamp, the Supreme Court held that a supervisory prosecutor is absolutely immune for failing to adequately train and supervise district attorneys on the duty not to withhold impeachment evidence and failing to create any system for accessing information pertaining to the benefits provided to jailhouse informants.  See Van de Kamp, 555 U.S. at 344-45.

malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006).

Although officers may have initiated a criminal proceeding against Plaintiff, Plaintiff's allegations do not show that the prosecution terminated in his favor, that officers lacked probable cause to prosecute him, or that they brought the charges maliciously.  Under these circumstances, his malicious prosecution claim will be dismissed for failure to state a claim upon which relief may be granted.  See Baker v. Wittevrongel, 363 F. App'x 146 (3d Cir. 2010); Kossler v. Crisanti, 564 F.3d 181, 186-87 (3d Cir. 2009) (en banc).

Because the named defendants are immune from suit for damages and Plaintiff's allegations fail to otherwise state a claim under § 1983, this Court will dismiss the complaint in its entirety.

**III.  CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may

be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[3]

Dated:  November 8, 2012


                                        s/ Faith S. Hochberg
                                        FAITH S. HOCHBERG
                                        United States District Judge

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.